1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10

11                                        │ Case No.: 3:19-CV-0466-JLS (WVG)
12   STEVEN WAYNE BONILLA
     J-48500,                             │
13                                        │ **ORDER DISMISSING CIVIL**
                             Plaintiff,   │ **ACTION WITHOUT PREJUDICE**
14                                        │ **FOR FAILING TO PAY**
     v.                                   │ **FILING FEE OR MOVING TO**
15                                        │ **PROCEED IN FORMA PAUPERIS**
     ANTHONY BATTAGLIA, et al.,           │
16                                        │
                             Defendants.  │
17
18
19

20        Plaintiff Steven Wayne Bonilla, currently incarcerated at San Quentin State Prison

21   located in San Quentin, California and proceeding pro se, has filed the present civil action

22   (ECF No. 1).

23   **I.    Failure to Pay Filing Fee or Request IFP Status**

24        All parties instituting any civil action, suit or proceeding in a district court of the

25   United States, except an application for writ of habeas corpus, must pay a filing fee of

26

27

                                             1

1  $400. *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to

2  prepay the entire fee only if a court grants leave to proceed IFP pursuant to 28 U.S.C.

3  § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  However, if

4  the plaintiff is a prisoner, he remains obligated to pay the entire filing fee in "increments"

5  even if the district court grants leave to commence his suit IFP, *see Williams v. Paramo*,

6  775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his case is ultimately

7  dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2*)*; *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th

8  Cir. 2002).

9       Here, Plaintiff has not prepaid the $400 in filing and administrative fees required to

10  commence this civil action, nor has he submitted a properly supported Motion to Proceed

11  IFP pursuant to 28 U.S.C. § 1915(a).  Therefore, his case cannot yet proceed.  *See* 28 U.S.C.

12  § 1914(a); *Andrews*, 493 F.3d at 1051.

13  **II.    Conclusion and Order**

14       For the reasons set forth above, the Court hereby:

15       (1)    **DISMISSES** this action *sua sponte* without prejudice for failure to pay the

16  $400 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to

17  28 U.S.C. §§ 1914(a) and 1915(a); and

18       (2)    **GRANTS** Plaintiff **thirty (30)** days from the date this Order is filed to:

19  (a) prepay the entire $400 civil filing and administrative fee in full; or (b) complete and file

20  a Motion to Proceed IFP which includes a certified copy of his trust account statement for

21  the 6-month period preceding the filing of his Complaint.  *See* 28 U.S.C. § 1915(a)(2); Civ.

22  L. R. 3.2(b).

23  ///

24

25

26  [1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule § 14 (eff.

27  Dec. 1, 2014)).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

3:19-CV-0466-JLS (WVG)

**IT IS FURTHER ORDERED** that the Clerk of the Court will provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $400 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within 45 days, this action will remain dismissed without prejudice based on Plaintiff's failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements and without further Order of the Court.

**IT IS SO ORDERED.**

Dated: March 29, 2019

Hon. Janis L. Sammartino
United States District Judge

3:19-CV-0466-JLS (WVG)